IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BERTONELLI, | No. C 16-1517 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE; GRANTING MOTION FOR SCREENING** |
| v. | |
| LIEUTENANT SMITH;<br>LIEUTENANT BREWER, et al., | (Dkt. No. 5) |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California prisoner currently housed in a state prison in Arizona, filed this civil rights case under 42 U.S.C. 1983 against officials at San Quentin State Prison ("SQSP"), where plaintiff was formerly housed. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is ordered served upon defendants Brewer and Smith.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

1  (9th Cir. 1990).

2  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

Plaintiff alleges that he is a disabled inmate confined to a wheelchair. According to plaintiff, in 2000, he was ordered into protective custody because his life was threatened after he testified for the defendant (Gonzalez) in a case involving the murder of an inmate named Benitez. He alleges that he also testified in the Gonzalez case that he had witnessed other inmates kill Benitez and that prison officials had failed to adequately protect the inmate. In 2014, he was ordered into protective custody a second time because he was again a defense witness in another case involving the murder of another inmate (named Dixon). He testified that the defendant (Choate) did not murder Dixon, and Choate was eventually acquitted. He alleges that the judge in the ordered prison officials to transport plaintiff to court separately from three inmate witnesses testifying for the prosecution because they posed a threat to him.

2

According to plaintiff, on January 22, 2015, defendants Brewer and Smith were assigned to transport him to court and in so doing they left him in restraints, in his wheelchair and unattended in the main gate area of SQSP. They then summoned the three inmates whom they knew were a danger to plaintiff, and they directed these inmates to kill plaintiff in order to prevent him from testifying that prison officials were involved in the murder of Dixon. The three inmates beat and kicked plaintiff, and they stabbed him repeatedly with a knife supplied by Brewer and Smith. According to plaintiff he "died" from these injuries, but he was revived by medical professionals. After spending several months in a prison hospital, he was eventually transferred to a prison in Arizona, where he is currently housed. When liberally construed, plaintiff's allegations state a cognizable claim against Brewer and Smith for violating his Eighth Amendment right to be free from cruel and unusual punishment. Service will be ordered upon them.

Plaintiff also names approximately 50 additional defendants, all SQSP employees. He alleges that at the time of the incident there was a shift change and these 50 defendants were present near the SQSP main gate, where the incident occurred. He alleges that "26 defendants" witnessed and heard Smith and Brewer direct the inmates to kill plaintiff, witnessed the attack, and knew in advance that the inmates were a threat to plaintiff. Plaintiff does not, however, specify which of the additional 50 defendants constituted these 26 defendants. While prison officials who stand by and fail to intervene when an inmate threatens and harms another inmate may violate the Eighth Amendment, it cannot be discerned which of the additional named defendants are the 26 defendants alleged to have done so here. Furthermore, the claims against these officials — once they are identified — overlaps in significant respects with the claims against Brewer and Smith, such as plaintiff must prove that the inmates were a known threat to plaintiff, and that Brewer and Smith audibly directed the inmates to attack or kill plaintiff. As a result, if appropriate, plaintiff will be given leave to amend his complaint to identify these 26 defendants after Brewer and Smith are served and any dispositive motions they file pursuant to the schedule outlined below are resolved.

3

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants **Lieutenant Brewer and Lieutenant Smith at San Quentin State Prison.** A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

2. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case:

    a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

       4.  All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

       5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

       6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       IT IS SO ORDERED.

Dated: May   31   , 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.